**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3380
_____

IN RE: JERMAINE JOHNSON,
                                        Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 1:14-cr-00243-001)

_____

Submitted Pursuant to Fed. R. App. P. 21
November 14, 2019

Before:  SMITH, Chief Judge, CHAGARES and COWEN, Circuit Judges

(Opinion filed: December 6, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Jermaine Johnson seeks a writ of mandamus to compel the

District Court to rule on a motion he filed pursuant to 28 U.S.C. § 2255.  A writ of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

On November 18, 2019, the District Court entered an order directing the Government to respond to Johnson's pending motions, directing the Clerk of Court to appoint counsel for Johnson, and indicating that a separate order would be entered scheduling an evidentiary hearing. Because the case is now moving forward, we find no reason to grant the "drastic remedy" of mandamus relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). We have full confidence that the District Court will rule on Johnson's § 2255 motion within a reasonable time. Accordingly, we will deny Johnson's mandamus petition.